UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BANK OF NEW YORK MELLON,

    Plaintiff,

v.

SCOTT STAFNE, et al.,

    Defendants.

C16-77 TSZ

ORDER

THIS MATTER comes before the Court on plaintiff's motions for summary judgment against Scott Stafne, docket no. 63, for summary judgment against Todd Stafne, docket no. 81, for attorneys' fees in connection with its successful motion to compel, docket no. 73, and for relief from deadline, docket no. 110.  The Court will address each motion in turn.

**Background**

The facts of this case are simple and essentially undisputed.  On March 9, 2005, Defendant Scott Stafne borrowed $800,000 from Countrywide Home Loan, Inc. ("Countrywide") to refinance his purchase of residential property in Arlington, Washington.  Decl. of Fay Janati, Ex. B, docket no. 39-2.  In connection with this loan, Scott Stafne executed a promissory note ("Note") and deed of trust.  *See id.* at ¶ 1 (Note);

ORDER - 1

*see also* Janati Decl, Ex. C, docket no. 39-3 (Deed of Trust).  Under the terms of the Note, Scott Stafne agreed to repay the principal and annual interest over a thirty year period ending on April 1, 2035.  Janati Decl., Ex. B at ¶ 2 & 3.

After the loan closed, Countrywide transferred the Note to JP Morgan Chase Bank, N.A. ("JPMorgan") who deposited Scott Stafne's loan in an investment portfolio known as the Structured Asset Mortgage Investments II Trust, Mortgage Pass-Through Certificates Series 2005-AR2 ("SAMI Trust").  Plaintiff Bank of New York Mellon ("BONY") became the holder of the Note, as trustee for the SAMI Trust, when it acquired the trustee operations of JPMorgan in 2006.[1]  *See* Decl. of Fred Burnside, Ex. F, docket no. 64-6 at 34-35 (Purchase and Assumption Agreement § 2.1); Janati Decl., Ex. F, docket no. 39-6 (Agreement of Resignation and Assumption).  On August 31, 2007, Scott Stafne recorded an executed quitclaim deed granting Todd Stafne a portion of the property encumbered by the deed of trust.[2]  *See* Declaration of Jocelynne Fallgatter, Ex. L, docket no. 98-12.

Scott Stafne was current on his loan payments through December of 2008, but stopped payments in January of 2009, and has made no payments since that time.  Second Decl. of Fay Janati, docket no. 65 at ¶ 4.  On February 17, 2009, Countrywide, as loan servicer, issued a "Notice of Intent to Accelerate," but later opted not to accelerate Scott

---

[1] The Note was initially acquired by BONY's predecessor, the Bank of New York.  In 2008, the Bank of New York was involved in a merger with Mellon Financial, and as a result the Bank of New York changed its name to Bank of New York Mellon. Janati Decl., Ex. E, docket no. 39-5 (corporate name-change documents).

[2] Apparently, Scott Stafne and Todd Stafne executed a "virtually identical" quitclaim deed in April of 2010, *see* Pl.'s Mot. for Summ. J. Against Todd Stafne, docket no. 81 at 5, but this second quitclaim deed has not been provided to the Court.

ORDER - 2

Stafne's debt and instead adjusted his minimum monthly payment. Second Janati Decl., Ex. F, docket no. 65-6 (Adjustable Rate Mortgage Payment Adjustment Notice). Scott Stafne was sent five additional notices of default during the period between October 2012 and September 2015. Second Janati Decl., Ex. B, docket no. 65-2. Having received no further payments, BONY elected to accelerate the entire debt and bring this suit for judicial foreclosure on January 19, 2016. Complaint, docket no. 1 at ¶ 3.15. In response, both Scott Stafne and Todd Stafne filed answers alleging counterclaims to quiet title. *See* docket nos. 24 (Scott Stafne) and 25 (Todd Stafne).

**Discussion**

**I.      BONY's Motions for Summary Judgment**

The Court shall grant summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To survive a motion for summary judgment, the adverse party must present affirmative evidence, which "is to be believed" and from which all "justifiable inferences" are to be favorably drawn. *Id.* at 255, 257. When the record, however, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, summary judgment is warranted. *See Beard v. Banks*, 548 U.S. 521, 529 (2006) ("Rule 56(c) 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a

ORDER - 3

showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting <u>Celotex</u>, 477 U.S. at 322)).

### A. BONY's Motion for Summary Judgment against Scott Stafne

BONY argues that it is entitled to summary judgment against Scott Stafne because the undisputed facts show that it is the holder of a promissory note secured by a valid deed of trust and that Scott Stafne breached the terms of the note by failing to make the required monthly payments.[3] Judicial foreclosure is appropriate where the lender can show a breach of the terms of the promissory note and deed of trust, notice, and failure to cure. *ING Bank v. Korn*, 2011 WL 5326146, at *3 (W.D. Wash. Nov. 4, 2011) (citing RCW 61.12.040). Here, it is undisputed that Scott Stafne breached the terms of the Note by failing to make the required monthly payments, that BONY provided notice of default and its intent to accelerate, and that Scott Stafne failed to cure prior to acceleration of the debt. The Note defines default as the failure to "pay the full amount of each monthly payment on the date it is due," Janati Decl., Ex B, docket no. 39-2 at ¶ 7, and Scott Stafne has not made any payments since December of 2008, Second Janati Decl., docket no. 39 at ¶ 4. Among other notices, Scott Stafne was issued a Notice of Default and Intent to Accelerate in September of 2015, Second Janati Decl., Ex. B, docket no. 65-2 at 19-21,

---

[3] Rather than oppose the motion, Scott Stafne invites the entry of "final judgment based on [his] failure to respond to [plaintiff's] motion for summary judgment," docket no. 71 at ¶ 4. Scott Stafne erroneously believes that responding to the merits of plaintiff's motion will waive any challenges to the Court's subject-matter jurisdiction. *Id.* at ¶ 5. However, whether the Court has subject-matter jurisdiction over this case is not an issue Scott Stafne can waive. *See In re Kieslich*, 258 F.3d 968, 970 (9th Cir. 2001). Scott Stafne also argues in a surreply, docket no. 78, that his Notice of Appeal, docket no. 72, divests the Court of the authority to rule on the pending motions. Setting aside Scott Stafne's misunderstanding of the relevant doctrine, the Ninth Circuit has dismissed his interlocutory appeal, docket no. 100.

ORDER - 4

and BONY accelerated Scott Stafne's debt by filing this suit in January of 2016 seeking payment of the entire debt. *See* Complaint, docket no. 1 at ¶ 3.15. Scott Stafne has not contested that he is in default on the Note or the amount owed thereunder.

Scott Stafne has, however, alleged counterclaims against plaintiff to quiet title to the property based on the theory that the debt is time barred. *See* Answer, docket no. 24 at 7-11. Contrary to the allegations in his complaint, the statute of limitations does not bar foreclosure. For a deed of trust, the six-year statute of limitations only begins to run when the party is entitled to enforce the entire obligation imposed by the note, which, for an installment note, occurs either when the note naturally matures or when the note is accelerated. *See Edmundson v. Bank of America*, 194 Wn. App. 920, 930 (2016); *see also Washington Federal v. Azure Chelan LLC*, 195 Wn. App. 644, 663 (2016) ("For a deed of trust, the six-year statute of limitations begins to run when the party is entitled to enforce the obligations of the note. This can occur either . . . when the note naturally matures, or when the party accelerates the note . . . .").

Scott Stafne's counterclaim to quiet title alleges that the statute of limitations began to accrue on February 17, 2009, when Countrywide sent its Notice of Intent to Accelerate.[4] To trigger acceleration, however, a creditor must clearly and unequivocally indicate, by some affirmative action, that the option to accelerate has been exercised. *See Glassmaker v. Ricard*, 23 Wn. App. 35, 37 (1979) (quoting *Weinberg v. Naher*, 51 Wash.

---

[4] Scott Stafne also alleges that the 2007 "Suspended Payment Agreement" accelerated his loan, but the document does nothing of the sort. Instead, the document provides "[i]f we previously notified you that your loan is (or will be) accelerated and/or due in full, it remains accelerated and/or due in full . . . ." Second Janati Decl., Ex. D, docket no. 65-4 at 4. Scott Stafne has provided no evidence, and indeed there likely is none, that the debt was accelerated prior to the Suspended Payment Agreement.

ORDER - 5

591, 594 (1909)).  A statement of potential future action does not constitute the affirmative action required to accelerate a debt.  *See Weinberg*, 51 Wash. at 594 (holding that letters which stated that "the loan will be called in" unless the debtor procured an insurance policy payable to the creditor were insufficient to trigger acceleration because the letters simply threatened to exercise the option to accelerate).  Like the creditor in *Weinberg*, Countrywide's statement that it would accelerate the loan if the default was not cured is a statement of potential future action and thus, was insufficient to trigger acceleration of Stafne's debt.  In fact, Countrywide ultimately decided not to accelerate Scott Stafne's loan in 2009, and instead opted to adjust Scott Stafne's minimum payment.  *See* Second Janati Decl., Ex. F, docket no. 65-6.  It was not until BONY filed suit in January of 2016 that BONY unequivocally accelerated Scott Stafne's debt.  Accordingly, BONY's action for judicial foreclosure is timely and its motion for summary judgment is GRANTED in part.  Scott Stafne's counterclaim to quiet title is DISMISSED with prejudice.

In addition to judicial foreclosure, BONY's motion also seeks (1) a deficiency judgment to recover any deficit between the proceeds of the sheriff's sale and the amount due under the Note; and (2) to recover expenses incurred in protecting its interests under the Note and deed of trust, including reasonable attorney's fees and costs.  Although BONY may be entitled to both, its requests are premature.  The Court cannot determine whether BONY is entitled to a deficiency judgment or the amount of that judgment without knowing the sale price of the property and the total remaining debt after the sale proceeds are applied.  *See* RCW 61.12.070.  Similarly, although both the note and the

deed of trust provide that BONY is entitled to recover expenses, including attorneys' fees and costs, incurred in protecting its interests, *see* Janati Decl., Ex. B, docket no. 39-2 at ¶ 7(E) (Note); Janati Decl., Ex. C, docket no. 39-3 at ¶ 9 (deed of trust), the total amount of such expenses is uncertain at this time because BONY will likely incur additional expenses in connection with executing the foreclosure sale.  Accordingly, BONY's requests for a deficiency judgment and an award of attorneys' fees and costs under the Note and deed of trust are DENIED without prejudice.  BONY may renew these requests within fourteen (14) days of the date of the foreclosure sale.

### B. BONY's Motion for Summary Judgment Against Todd Stafne

BONY also moves for summary judgment against Todd Stafne seeking dismissal of his counterclaim to quiet title because, among other things, Todd Stafne took title to the property granted to him by the 2007 quitclaim deed subject to the deed of trust. Washington has adopted a "race-notice statute" that gives priority to those interests which are recorded first.  *BAC Home Loans Servicing, LP v. Fulbright*, 180 Wn.2d 754, 759 (2014).  Interests acquired by quitclaim deed are subject to any encumbrances then existing on the property and all rights which had been previously granted respecting it. *See Corning v. Aldo*, 185 Wash. 570, 577 (1936).  Here, the quitclaim deed granting Todd Stafne a portion of the property encumbered by the deed of trust was recorded in 2007, well after the deed of trust was recorded in 2005.  Because BONY's deed of trust was recorded prior to the quitclaim deed, Todd Stafne took title subject to BONY's existing lien on the property.

ORDER - 7

Todd Stafne offers two meritless arguments in opposition to BONY's motion for summary judgment against him.  First, Todd Stafne argues that Scott Stafne's transfer of a portion of the property by quitclaim deed in 2007 breached the terms of the deed of trust and thus, BONY's foreclosure action as to property owned by Todd Stafne is barred by the statute of limitations.  However, the relevant terms of the deed of trust provide that breach of the covenant restricting transfer of the property simply results in an option to accelerate the debt.  *See* Janati Decl., Ex. C, docket no. 39-3 at ¶ 18.  Moreover, the six-year statute of limitations on a deed of trust does not begin to run until the installment note naturally matures or the note is accelerated.  *See Washington Federal*, 195 Wn. App. at 663.  As discussed above, BONY did not unequivocally exercise its option to accelerate the debt until this action was filed in January of 2016.  Thus, the statute of limitations on the deed of trust did not begin to accrue until January of 2016.  BONY's judicial foreclosure action is therefore timely.

Todd Stafne's final argument is that he adversely possessed the property quitclaimed to him by Scott Stafne.  But in Washington, "adverse possession does not extinguish a mortgage that pre-dates the adverse possession."  *See* 17 WILLIAM B. STOEBUCK & JOHN W. WEAVER, WASH. PRAC. REAL ESTATE AND PROPERTY LAW § 8.6 (2d ed. 2004) (citing *Thornely v. Andrews*, 40 Wash. 580 (1905)).  Here, the promissory note and deed of trust were executed and recorded prior to Todd Stafne's occupation of the encumbered property and thus, his possession of that property cannot extinguish BONY's entitlement to foreclose under the deed of trust.  Accordingly, BONY's motion for summary judgment against Todd Stafne is GRANTED and Todd Stafne's

ORDER - 8

counterclaims are DISMISSED with prejudice.  Finding no just reason for delay, *see* Fed. R. Civ. P. 54(b), the clerk is DIRECTED to enter partial judgment foreclosing the property encumbered by the deed of trust.

In light of the Court's rulings on BONY's motions for summary judgment, the trial date and all remaining deadlines are hereby STRICKEN.  BONY's motion for relief from deadline, docket no. 110, is therefore DENIED as moot.

## II.   BONY's Motion for Attorneys' Fees

BONY moves for attorneys' fees and costs incurred in connection with its successful motion to compel.  *See* Plaintiff's Motion for Attorneys' Fees, docket no. 73.  As discussed above, BONY also claims it is entitled to expenses incurred in enforcing the debt (which would likely include any fees incurred in connection with discovery motions) under the terms of the promissory note and deed of trust.  *See* Plaintiff's Motion for Summary Judgment, docket no. 63 at 29-30.  For the sake of efficiency and consistency, the Court declines to award fees piecemeal.  Accordingly, Bank of New York Mellon's motion for attorney's fees, docket no. 73, is DENIED without prejudice.

IT IS SO ORDERED.

Dated this 7th day of December, 2016.

*(signature)*

Thomas S. Zilly
United States District Judge

ORDER - 9