UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BANK OF NEW YORK, MELLON,

        Plaintiff,

   v.

SCOTT STAFNE, *et al.*,

        Defendants.

CASE NO. C16-0077TSZ

ORDER ON REVIEW OF REQUEST TO RECUSE

This action, requesting money judgment and foreclosure in connection to a promissory note executed for the purchase of real property, was filed in January 2016. Dkt. #1. Defendant Scott Stafne[1] filed a Motion for Recusal on May 26, 2017. Dkt. #134. The Presiding Judge, the Honorable Thomas S. Zilly, has declined to recuse himself and, in accordance with the Local Rules of this District, referred the matter to the Undersigned for further review. Local Rules W.D. Wash. LCR 3(e); Dkt. #136.

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." Federal judges also

---

[1] Although Mr. Stafne is proceeding *pro se* in this action, it is worth noting that he is an attorney with Stafne Trumbull LLC, and is admitted to practice in Washington State and before this Court. Thus, he is presumed to be familiar with not only the substantive law pertaining to the issues in the case against him, but also with Court Rules, procedures and statutory provisions relevant to the assertions he makes in connection with this case.

ORDER ON REVIEW OF REQUEST TO RECUSE- 1

shall disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1).

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980). In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id*. at 555. Rather than focus on these applicable standards, Defendant instead asserts multiple other grounds upon which he argues that Judge Zilly should recuse himself. All of his bases for recusal are without merit.

First, without a scintilla of evidence in support, Defendant questions Judge Zilly's competency based on his alleged age (which Defendant has not actually correctly calculated). Tacking together a series of generic quotes about deficits related to aging, Defendant attempts to fashion an argument that equates Judge Zilly's age with his fitness to discharge his duties. The

fact that Defendant fails to offer a shred of evidence from the record tending to indicate any impairment on Judge Zilly's part speaks for itself.

Second, Defendant attacks Judge Zilly's fitness to preside over his case on the basis of his "senior status," which he alleges is a feature of the federal judicial system which allows judges who meet the qualifications to "retire," receive their pension and continue to serve the courts in a voluntary capacity.[2] Notably, Defendant fails to cite a single legal precedent tending to establish that the fact of a presiding judge's "senior status" has ever been held (in and of itself) to constitute a proper basis for recusal.

Setting aside the complete lack of evidentiary or legal support for Judge Zilly's age or senior status as a basis for recusal, Defendant's request is noteworthy for its lack of relevance to the statute under which he might properly advocate for recusal. The statutory basis for recusal exists only if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman*, 987 F.2d at 626; *see* 28 U.S.C. §144 and 28 U.S.C. § 455. Defendant does not propound any evidence-based rationale which ties Judge Zilly's age or senior status to an issue of "impartiality" or "bias;" he simply wants to argue – via innuendo and stereotype – that Judge Zilly is unfit to preside over his case. The law requires more.

Lastly, it is clear that Defendant does not agree with a number of rulings made by Judge Zilly which have not been in his favor. A judge's rulings do not constitute the requisite bias under 28 U.S.C. § 144 or § 455 if prompted solely by information that the judge received in the

---

[2] A simple internet search would have revealed the inaccuracy of Defendant Stafne's allegations. "Senior status" is a form of semi-retirement for United States federal judges that allows them to receive the full salary of a judge but have the option to take a reduced caseload (although many senior judges choose to maintain a full caseload).

context of the performance of his duties.  Bias is almost never established simply because the judge issued adverse rulings against a party.  If Defendant believes that Judge Zilly has committed legal error in his rulings, he is entitled to make that argument on appeal to the Ninth Circuit Court of Appeals.   He is not entitled to claim "bias" on that basis, nor is he entitled to recusal of the judge who made the rulings.

Accordingly, the Court finds no evidence upon which to reasonably question Judge Zilly's impartiality and AFFIRMS his denial of Defendant's request that he recuse himself.

The Clerk SHALL provide copies of this order to Defendants and to all counsel of record.

Dated this 2nd day of June, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE