UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BANK OF NEW YORK MELLON,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT STAFNE; and MAYUMI OHATA STAFNE, as Administrator of the Estate of Todd Stafne,<br><br>Defendants. | C16-77 TSZ<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) The lawsuit captioned *Stafne v. Zilly, et al.*, Case No. C17-1692 MHS (W.D. Wash.), having been dismissed with prejudice, judgment having been entered in that case, and the related post-judgment motions having been denied, the stay of this matter is hereby LIFTED and this case is returned to the active docket.

(2) Pursuant to a limited remand from the United States Court of Appeals for the Ninth Circuit, docket no. 124, plaintiff's motion to amend judgment, docket no. 120, is DENIED in part and GRANTED in part as follows:

    (a) By Order entered December 7, 2016, docket no. 114, the Court granted in part and denied in part two motions for summary judgment brought by plaintiff Bank of New York Mellon ("BONY"), a New York banking corporation, in its capacity as trustee for Structured Asset Mortgage Investments II Trust, Mortgage Pass-Through Certificates Series 2005-AR2. *See also* Order (docket no. 69) (substituting BONY for its parent corporation, Bank of New York Mellon, a Delaware corporation). The Court rejected the theories underlying defendants Scott Stafne's and Todd Stafne's counterclaims to quiet title and Todd Stafne's counterclaim for declaratory judgment, and dismissed the counterclaims with

MINUTE ORDER - 1

prejudice. The Court also ruled that plaintiff was entitled to a partial judgment foreclosing the deed of trust dated March 9, 2005, and recorded in Snohomish County on March 15, 2005, Ex. B to Compl. (docket no. 1-3), with respect to real property owned by Scott Stafne, having the address of 17207 155th Ave NE, in Arlington, Washington. The Court, however, denied as premature plaintiff's requests for a deficiency judgment, attorney's fees, and costs. *See* Order at 6-7 (docket no. 114). Plaintiff's motions for summary judgment did not mention and, in the Order entered December 7, 2016, docket no. 114, the Court did not rule on any interests in the property at issue other than those of plaintiff and defendants Scott Stafne and Todd Stafne, who has since died. Plaintiff's current request to include in an amended partial judgment a foreclosure of interests[1] other than those of defendants Scott Stafne and Mayumi Ohata Stafne, as Administrator of the Estate of Todd Stafne, is therefore DENIED.

(b) Plaintiff's request to include in an amended partial judgment a summary setting forth the principal balance of Scott Stafne's indebtedness, the interest calculated through December 7, 2016, and the amounts of various fees and advances is also DENIED. Contrary to plaintiff's contention, the summary it seeks is not mandated by RCW 4.64.030(2)(a), which applies only to judgments that provide "for the payment of money." The Court's Order entered December 7, 2016, docket no. 114, did not address the parties' dispute concerning the amount owed by Scott Stafne, and it did not award a particular sum to plaintiff. Plaintiff's motions for summary judgment recited an *estimated* amount due from Scott Stafne, namely $1,049,928, *see* Pla.'s Mot. at 9 (docket no. 63); Pla.'s Mot. at 4 (docket no. 81); Janati Decl. at ¶ 4 (docket no. 65), but the proposed order plaintiff submitted, docket no. 63-1, did not contain a sum certain. Instead, plaintiff asked the Court to enter judgment "for the full amount due under the Note" and to award a deficiency judgment in an amount be stated by plaintiff in a declaration after the foreclosure sale of the property. The Court declined to do so, and plaintiff cannot now obtain the relief that was previously denied by seeking to amend the partial judgment in a manner that does not reflect the Court's ruling.

(c) Plaintiff's request to include in an amended partial judgment a direction that the proceeds of any sale of the real property be automatically applied toward payment of the indebtedness at issue is DENIED. The Court instead

---

[1] Real Time Resolutions, Inc. was originally named as a defendant in this action, but was voluntarily dismissed by plaintiff based on an understanding that the deed of trust held by such entity was reconveyed in 2016. *See* Notice of Voluntary Dismissal (docket no. 62). No other entities with an interest in the real property at issue have been joined in this matter, and plaintiff has made no representations concerning whether any such entities have been provided notice of this litigation.

MINUTE ORDER - 2

ORDERS that, after deducting the usual fees and costs of the Snohomish County Sheriff, the proceeds of any sale shall be deposited into the Registry of the Court.

(d) Plaintiff's request to amend the partial judgment to include certain language concerning the status of the deed of trust, plaintiff's right to bid and become a purchaser at any sale of the property, and Scott Stafne's right to redeem the property for a one-year period is GRANTED. The form of the original partial judgment was consistent with RCW 4.64.030(2)(b), which requires that a judgment relating to the "right, title, or interest in real property" contain an abbreviated legal description of the property at issue. The partial judgment entered December 7, 2016, docket no. 115, contained the full legal description of the property, as set forth in the deed of trust recorded on March 15, 2005, as Snohomish County Instrument No. 200503150879, *see* Ex. B to Compl. (docket no. 1-3). The original partial judgment, however, did not specify that defendants' counterclaims were dismissed with prejudice, did not indicate that the deed of trust is valid and subsisting, and prior and superior to any and all right, title, interest, lien, and/or estate of Scott Stafne and/or Todd Stafne (or his heirs) in the property, did not state that plaintiff could bid and become the purchaser at any sale, and did not specify the redemption period. The Clerk is therefore DIRECTED to enter an amended partial judgment in the form approved by the Court.

(3) The Clerk is further DIRECTED to send a copy of this Minute Order and the Amended Partial Judgment to all counsel of record and the United States Court of Appeals for the Ninth Circuit (with reference to No. 16-36032).

Dated this 14th day of May, 2019.

                            William M. McCool
                            Clerk

                            s/Karen Dews
                            Deputy Clerk

MINUTE ORDER - 3